# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| CHRYSTAL HARLIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV616-104 |
| | ) | CR614-020 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted of aggravated identity theft and theft of public money, Doc. 20[1] (plea agreement), Chrystal Harlie moves under 28 U.S.C. § 2255 to have her sentence reduced in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment (Amendment 794) and due to a miscalculation on her Presentence Investigative Report. Doc. 23 at 4-5; U.S.S.G. § 3B1.2. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that her motion must be **DENIED** both as untimely and on the merits.

---

[1] The Court is citing to the criminal docket in CR611-104 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

The Court entered judgment against movant on October 28, 2014, doc. 21, and she had one year from the date her conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). Since she filed no appeal, Harlie's conviction became final and § 2255(f)'s one-year clock began to tick on November 11, 2014. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment). She did not file the present § 2255 motion, however, until July 28, 2016, which is 625 days too late. Doc. 23. Harlie offers no explanation for the delay.[2] Hence, her motion is time-barred unless she can show an exception, like a new rule of law retroactively available to her. *See* 28 U.S.C. § 2255(f).[3]

---

[2] "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)).

[3] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

For that matter, nothing in Amendment 794 entitles her to resentencing. That amendment merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2. *United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015); *Sapp v. United States*, 2016 WL 4744159 at *1 (S.D. Ga. Sept. 12, 2016); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (Amendment 794 may be applied retroactively on *direct appeals*). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies").

"The threshold inquiry," therefore, "is whether [Harlie's] claim that h[er] sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152

---

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

F.3d 1329, 1331 (11th Cir. 1998). *See, e.g., Jacobs v. United States*, 2016 WL 4183312 at * 1 (S.D. Ga. Aug. 5, 2016); *Knight v. United States*, 2016 WL 4082701 (S.D. Ga. Jul. 29, 2016). A comparison of the circumstance of *Burke* and this case confirms relief is not available to Harlie in a § 2255 proceeding. In both cases, the petitioners did not appeal. *Burke*, 152 F.3d at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. *Id.* Yet because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

"Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law," Harlie "was afforded the opportunity to" challenge the denial of a minor role adjustment "at h[er] original

4

sentencing and on direct appeal." *Id.* at 1332. She never did.[4] "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id.*

Harlie also argues that her criminal history was miscalculated, because the Government "failed to award two (2) points for accepting responsibility," and her counsel was ineffective because she "failed to provide [Harlie] the proper time and attention towards the indictment [she] was convicted of." Doc. 23 at 6 & 8. As her Amendment 794 claim has no merit, she is bound by the one year statute of limitations for bringing her claims. *See* 28 U.S.C. § 2255(f)(1) (claims must be filed within a year of "the date on which the judgment of conviction became final"). Her miscalculation[5] and ineffective assistance of counsel claims are therefore untimely. *Zack v. Tucker*, 704 F.3d 917, 922-26 (11th Cir.

---

[4] After she pled guilty to aggravated identity theft and theft of public money, the Court sentenced Harlie to 54 months' imprisonment. Doc. 23 at 1-2. She never appealed, and nothing in the record reveals an objection to her Guidelines sentence calculation.

[5] Any challenge to the miscalculation of her criminal history also has been procedurally defaulted because Harlie did not raise them on direct appeal. *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005). *See United States of America v. Edwards*, No. 13-14549 (11th Cir. Mar. 20, 2014).

2013) (habeas limitations periods apply on a claim-by-claim basis). *See* docs. 21 (judgment entered October 28, 2014), 23 (signature-filed July 28, 2016, nearly two years later).

Accordingly, Harlie's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this __3rd__ day of November, 2016.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA