# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| CHRYSTAL HARLIE, | * | |
| Petitioner, | * | |
| | * | CV 616-104 |
| v. | * | (Formerly CR 614-020) |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## O R D E R

On July 28, 2016, Petitioner Chrystal Harlie filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The United States Magistrate Judge issued a Report and Recommendation on November 3, 2016, recommending dismissal of the § 2255 petition as untimely; it was filed 625 days too late. Thus, her claims of ineffective assistance of counsel and miscalculation of her guideline range were not addressed. The Magistrate Judge also determined that Amendment 794, a clarifying amendment to the United States Sentencing Guidelines, offered no relief to her because it was not a retroactive new rule of law. Finally, the Magistrate Judge recommended denying the issuance of a Certificate of Appealability.

Harlie did not object to the Report and Recommendation,

and it was adopted by this Court in its entirety on November 21, 2016. The Court notes, however, that Harlie had filed a motion for permission to supplement her § 2255 motion and to extend the time to object to Report and Recommendation three days prior to entry of the Adoption Order. Also, she filed objections to the Report and Recommendation on the same day that the Adoption Order was entered.

On June 5, 2017, six months after she received the Adoption Order dismissing this case,[1] Harlie filed the instant motion for reconsideration. She reiterates her claim of ineffective assistance of counsel and continues to argue that she is entitled to relief under Amendment 794, which sets out new guidelines for the determination of whether a defendant should be granted a mitigating role reduction under U.S.S.G. § 3B1.2.

The Court may grant a party relief from a final judgment under Rule 60(b) for "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, Harlie contends that her failure to timely file her § 2255 petition is excusable because her trial counsel was ineffective for failing to

---

[1] The Adoption Order was returned to this Court as undeliverable because of an incorrect post office address. On December 6, 2016, the Clerk resent the Adoption Order to Harlie at her present place of incarceration in West Virginia. Thus, the Court believes that Harlie did not receive the Adoption Order until early January 2017.

advise her about post-conviction matters, including the one-year statute of limitations. It is well-settled, however, that ineffective assistance of counsel cannot be used as cause to excuse procedural default in a post-conviction context because no constitutional right to counsel exists at this stage. Golston v. Attorney Gen. of Sate of Ala., 947 F.2d 908, 911 (11th Cir. 1991). Thus, any lack of notice attributable to trial counsel did not violate Harlie's constitutional right to counsel and therefore is not "cause" to excuse her untimely filing of the § 2255 petition. Further, because Harlie offers nothing more to excuse her untimely filing, the dismissal of the § 2255 petition remains proper.

Addressing Harlie's claim under Amendment 794 in her petition, her objections, and in this present motion, the Court reiterates that Amendment 794 offers her no relief. The Court thoroughly explained its reasoning in its Order of January 9, 2017, when it denied Harlie's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) in her underlying criminal case. (See United States v. Harlie, CR 614-020, Doc. 34 (S.D. Ga. Jan. 9, 2017).)

Finally, Harlie also complains in her motion for reconsideration that this Court did not rule on the propriety of issuing a Certificate of Appealability in its Adoption

3

Order of November 21, 2016. In point of fact, the Court denied the issuance of a Certificate of Appealability when it adopted the Report and Recommendation in its entirety since the Magistrate Judge recommended denying a Certificate of Appealability. Lest there be any confusion, however, Harlie has failed to make a substantial showing of the denial of a constitutional right; therefore, this Court will not issue a Certificate of Appealability. See 28 U.S.C. § 2253(c)(1)(B).

Upon the foregoing, Harlie's motion for reconsideration (doc. 8) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____8th____ day of August, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
~~SOUTH~~ERN DISTRICT OF GEORGIA